The motion for rehearing is granted, the affirmance set aside, and the judgment reversed, and the cause remanded.

---

### LEWIS v. STATE. (No. 5256.)

(Court of Criminal Appeals of Texas. Jan. 29, 1919.)

1. CRIMINAL LAW ⊜889—CORRECTION OF VERDICT BY JURY.

In prosecution for unlawfully carrying a pistol, court did not err in permitting jury in open court, when returning the verdict, to correct it by inserting words "as charged in the indictment."

2. WEAPONS ⊜7—PISTOL LAW—LACK OF INTENT TO VIOLATE.

Lack of evil intent, or intent to violate the law, in carrying a pistol unlawfully, is no justification.

Appeal from Matagorda County Court; W. O. Carpenter, Judge.

George Lewis was convicted of unlawfully carrying a pistol, and appeals. Affirmed.

E. B. Hendricks and E. A. Berry, Asst. Attys. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the county court of Matagorda county for unlawfully carrying a pistol. His only defense seems to have been that he was at the time a deputy city marshal in the town of Bay City, and he claims that his carrying said pistol outside of the city limits of Bay City was not a violation of the law. It seems that, in connection with his other business, he was the proprietor of a jitney car, and while acting in that capacity carried passengers some distance outside of the city limits of Bay City, and on the occasion in question, while at the place outside of said city, to which he had carried the passengers, there arose a quarrel, in the course of which appellant drew his pistol. There is no statement of facts in the record, but we gather, from the charge of the court and the two bills of exception taken by appellant, that the above are substantially the facts in the case.

[1] Appellant complains here because the court permitted the jury, in open court, and when returning their verdict, to make a correction of the same. Said correction consist-

ed in inserting the words "as charged in the indictment" in said verdict. We do not think there is any error in permitting juries to correct their verdicts, and certainly none in making such correction as was made in this case.

[2] Appellant further complains because the court did not submit a special instruction to the jury that, if they believed that he carried his pistol without intent to violate the law, they should acquit. The lack of evil intent in the carrying of a pistol unlawfully is no justification. Johnson v. State, 73 Tex. Cr. R. 133, 164 S. W. 833.

There are no other errors complained of in the record, and, there being no statement of facts, the judgment is affirmed.

---

### TONNAHILL v. STATE. (No. 5111.)

(Court of Criminal Appeals of Texas. Jan. 29, 1919.)

1. ABORTION ⊜1—GIVING MEDICINES.

One who gave a pregnant woman medicine, and told her not to use it until he gave her instructions with reference to its use, was not guilty of abortion, if she used the medicine when he was not present and without his instructions, and procured an abortion.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abortion.]

2. ABORTION ⊜6—INDICTMENT—VARIANCE.

Under an indictment charging that an abortion was procured by administering medicine calculated to produce an abortion, and did then and there destroy the life of the fetus in the womb, and did then and there by the use of the means aforesaid procure an abortion, a conviction could not stand for, procuring a premature birth by such means.

3. ABORTION ⊜8—BURDEN OF PROOF.

Under an indictment charging that an abortion was procured by administering medicine calculated to produce an abortion, and did then and there destroy the life of the fetus in the womb, the burden was on the state to show beyond a reasonable doubt that the child was alive at the time of the administration of the medicine, and that the medicine was administered for the purpose of destroying the fetus while in the womb.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Sam Tonnahill was convicted of abortion, and he appeals. Reversed and remanded.

Wear & Frazier, of Hillsboro, for appellant.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. The conviction was for abortion charged to have been committed by

administration of a drug. The theory of the state and testimony of the prosecutrix were that appellant gave to the prosecutrix a certain medicine which was subsequently used by her in producing the abortion. She said that when he handed her the medicine he told her to keep it, and he would tell her when it was time to take it, or to keep it until she heard from him, and that she afterwards heard from him, and that some time after hearing from him she took the medicine. She claimed to have received a letter from him, saying:

"I suppose it was from him, as he was the only one that knew I had this medicine."

The letter was lost, and its existence and appellant's connection with it developed a sharp issue of fact.

[1, 2] In submission of the case to the jury, the appellant requested the following charge:

"The prosecutrix, Lena Ward, testified that when the defendant gave her certain drugs, which she claimed to have subsequently administered to herself and caused her to abort, he told her not to use such drugs until she heard from him. If such was the fact, the defendant would not be guilty of the crime charged, unless he did subsequently give her instructions with reference to the use of said drugs. Now, the burden of proof is upon the state to prove beyond a reasonable doubt the defendant's guilt, before you would be authorized to convict him. You are instructed, therefore, that even though you may believe the defendant gave Lena Ward the medicine, still, unless you believe from the evidence beyond a reasonable doubt that the defendant subsequently directed the said Lena Ward to use the medicine, which she claims to have been theretofore delivered to her by him, you will return a verdict of not guilty, and so say."

It is conceded by the Assistant Attorney General that this charge should have been given, and that its refusal is error. In this conclusion we agree with him. Appellant was not present at the time the medicine was taken by the prosecutrix. Exception was also reserved to the charge, because it submitted a state of facts for the consideration of the jury, as a basis of conviction, which were not charged in the indictment. The indictment charged the abortion was procured by administering and causing to be administered to prosecutrix, a pregnant woman, with her consent, a drug and medicine calculated to produce an abortion, and did then and there destroy the life of the fetus in the womb of the said woman, and did then and there by the use of the means aforesaid procure an abortion as aforesaid. The court, after submitting the above charge to the jury, further instructed them that if the defendant, by the use, if any, of the means, if any, aforesaid, procured a premature birth, if any, of said fetus, if any, then and in that event they will find the defendant guilty. This phase of the statute was not charged in the indictment. We think the exception was well taken, and the charge should have been corrected, and that clause of it omitted, and not given to the jury. The allegation of the indictment was that defendant destroyed the life of the fetus in the womb, and by this means procured an abortion. The statute defines an abortion as follows:

"By the term 'abortion' is meant that the life of the fetus or embryo shall be destroyed in a woman's womb, or that a premature birth thereof may be caused." Pen. Code 1911, art. 1071.

Either of these conditions being present would authorize the grand jury to so charge, and both could be charged if thought necessary. Either would form the basis of the prosecution. But the state in this case elected to charge and try him for destroying the life of the fetus in the womb, and not by bringing on a premature birth. That these two provisions are different is shown by the language employed by the Legislature. In one it would be necessary to destroy the life of the fetus in connection with the abortion, and in the other, with reference only to premature birth. If the abortion by premature birth was relied upon, it should have been charged in the indictment, which was not done. The court, therefore, authorized a conviction upon a proposition not involved in the allegation.

[3] There is another question involved, and upon it special instructions were asked and refused; that is, unless the jury should find from the facts that the child in the womb of prosecutrix was a live fetus, and its life destroyed by the means set out as a prerequisite to the abortion, the jury should find in favor of the defendant. This is presented in two or three ways by special charges, and all refused. It was necessary for the state to prove the fact that the child was alive, and that the medicine administered was done for the purpose of destroying its life, and in this manner produce the abortion. If the child was not alive, then the case was not proved. The testimony upon this is very meager and quite uncertain. It left room for doubt as to whether the facts sustained this allegation. The court, therefore, was in error in not giving these instructions to the jury. They could not find appellant guilty under the indictment, unless the facts would show beyond a reasonable doubt that the child was alive at the time of the administration of the drugs, and that the medicine was administered for the purpose of destroying that life as a means of producing the abortion.

For the reasons indicated, the judgment is reversed, and the cause remanded.