GEORGE JACKSON v. THE STATE.

No. 8220.    Decided March 26, 1924.

**1.—Manslaughter—Jury and Jury Law—Suspended Sentence.**

Where defendant complained, upon trial of murder and a conviction of manslaughter, that his challenges for cause against certain veniremen on the ground of prejudice against the suspended sentence law were not sus-

tained, and it was shown that the jurors were not prejudiced against this law and none of them against whom the objection was addressed sat on the jury, nor did any objectionable juror sit, thereon there was no error in not sustaining the challenges for cause.

### 2.—Same—Evidence—Leading Questions.

Where the bill of exceptions did not disclose the testimony of the witness any further than to say that he was being cross-examined as to the methods and manner of the dance and the conduct of the deceased, and defendant was permitted to fully cross-examine the witness, there is no reversible error.

### 3.—Same—Confessions—County Attorney.

Where the county attorney's testimony was in no sense in conflict with defendant's written confession, but simply a matter of inducement to identify it, there is no reversible error.

### 4.—Same—Remarks of Judge.

In this proceeding with reference to admitting the confession and the conduct of the county attorney in introducing it, this court fails to recognize any unauthorized comment by the court upon the evidence, and there is no reversible error.

Appeal from the District Court of Brazos. Tried below before the Honorable W. C. Davis.

Appeal from a conviction of manslaughter; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Lamar Bethea* and *F. L. Henderson,* for appellant.—On question of jurors and suspended sentence: Eason v. State, 232 S. W. Rep., 301; Fountain v. State, 241 id., 489.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, Presiding Judge.—On a charge of murder, appellant was convicted of manslaughter; punishment fixed at confinement in the penitentiary for a period of four years.

Appellant killed his wife. There had been a separation. The woman was residing at the home of her sister. She had attended a dance and returned home at about eleven o'clock at night. Responding to the appellant's knocking, she went to the door. Appellant told her that he wanted his gun. She replied that she would not give it to him and turned to go to her room. Appellant shot her through the window. This was the State's testimony coming from the sister of the deceased.

According to the appellant's version, he had gone to the dance and was displeased with the conduct of his wife in her manner of dancing with another man. After the dance he went to the home to

remonstrate with her about her conduct and about keeping bad company. He said in substance that he knocked on the door, and in response to her inquiry told her who he was; that she asked what he wanted and he replied that he came to talk to her; that he had previously talked to her and endeavored to bring about a reconciliation. She remarked that she had no desire to live with him and had gotten her another man. Appellant said: "Well, if you done quit me, let me have my gun." She replied: "If you don't get away from there, I will take your gun and kill you with it." She turned and went back into a dark room. As she returned therefrom, appellant shot her through the window.

Appellant complains that his challenges for cause against certain veniremen on the ground of prejudice against the suspended sentence were not sustained. In qualifying the bill, it was shown that they were not prejudiced against this law, and would have no hesitancy in recommending it upon facts justifying such action. None of the jurors against whom the objection was addressed sat on the jury, nor so far as it appears from the bill, did any objectionable juror participate. Under the facts revealed by the bill, the court was not at fault in refusing to sustain the challenge for cause. Even if the court had been mistaken, the mere fact that the appellant exercised peremptory challenges and excused the jurors would not vitiate the verdict unless it was shown that he was forced to try his case before a juror who was objectionable.

In Bill No. 3 complaint is made of the refusal of the court to permit appellant to address leading questions to a State's witness during the cross-examination. The bill does not disclose the testimony of the witness any further than to say that he was being cross-examined as to the methods and manner of the dance and the conduct of the deceased. The court in qualifying the bills states that appellant was permitted to fully cross-examine the witness. We fail to discern any merit in the appellant's contention.

In Bill No. 4 the point is made that the written confession of the appellant having been introduced in evidence, certain testimony of the county attorney with reference to the written confession was improperly received. So far as we are able to estimate the matter from the bill, the county attorney's testimony was in no sense in conflict with the written confession but simply a matter of inducement to identify it. It seems that during the trial the county attorney handed to a witness the signed written statement made by the appellant upon his habeas corpus hearing, he having on that hearing voluntarily taken the stand in his own behalf. Appellant's counsel objected to the testimony relating to the statement having been reduced to writing. The court stated that he did not recall that it had ever been introduced in evidence, and that it would be clearly admissible if it had been written down. The court further

stated that he understood the county attorney was proving up the statement taken down at the habeas corpus hearing for the purpose of introducing it in evidence. In this proceeding we fail to recognize any unauthorized comment by the court upon the evidence.

The judgment is affirmed.

*Affirmed.*