## THE STATE v. ELVIRA RUPE.

1. INDICTMENT.—In an indictment under art. 2196, Pas. Dig., for destroying the vitality or life of an infant during the parturition of the mother, while the infant was in a state of being born and before actual birth, it is not necessary that the indictment should negative the existence of the circumstances which would justify the act under art. 2197, Pas. Dig.
2. INDICTMENT.—In such an indictment it is not sufficient to charge the offense in the terms of the statute; the means used in the commission of the offense should be stated.

APPEAL from Goliad.   Tried below before the Hon. D. D. Claiborne.

*George Clark, Attorney General,* for the State, cited Jenkins *v.* The State, 36 Tex., 638.

*W. L. Davidson,* for appellee.

DEVINE, ASSOCIATE JUSTICE.—The appellee was indicted on the 18th of October 1873, in the District Court of Goliad county, the indictment charging that she "unlawfully did, during the parturition of the said Elvira Rupe, destroy the vitality and life of her child, then in a state of being born, and before the actual birth of said child, which child would otherwise have been born alive," &c., &c.   The defendant, by her counsel, objected to the sufficiency of

the indictment, and moved to quash the same on the following among other grounds: "That there is no description of the manner in which the vitality of the fetus was destroyed, whether by force or violence, or by what means or instrument, or that it was done by the mother maliciously, willingly, or knowingly; and that it does not negative the fact that it was done by the advice of a physician to save the life of the mother."

The motion to quash was sustained, and the accused discharged; from which judgment the State has taken an appeal.

It was not necessary that the indictment should negative the exception contained in the Code; this would be a matter of defense on the trial of the accused. (Jenkins v. The State, 36 Tex., 638.)

It is contended, on behalf of the State, that the indictment, in charging the crime, "follows the precise words of the statute," and that the manner of committing the offense was a matter of proof under the general allegation. It is true the indictment follows the precise words of the statute, and it is equally true that the manner of committing an offense of this character, involving a liability to imprisonment for life, should at least be stated in the indictment with such reasonable particularity as would furnish the accused with such reasonable information as might enable her to rebut or explain away, if she could, the acts or circumstances likely to be adduced against her on the trial of the cause. This the indictment omitted to state, leaving the accused to discover by some mode not known to the law what the evidence might be that she was required to defend herself against. The omission rendered the indictment open to the exception raised. There was no error in sustaining the motion to quash. The judgment is

AFFIRMED.