## ALEX HENDERSON v. THE STATE.

### No. 3363.    Decided June 28, 1906.

**1.—Fence Cutting—Indictment—Different Counts—Election.**

Upon trial for fence cutting where one count in the indictment was for cutting prosecutor's fence and another for cutting a part of his fence, there was no error in the court's refusal to require an election as between these two counts; it being the same offense.

**2.—Same—Evidence—Act of Codefendant—Instrument Used in Crime.**

Upon trial for fence cutting where the evidence showed that the defendant and his codefendant were connected in the commission of said offense, there was no error to admit in evidence the fact that after the arrest of the parties defendant's codefendant threw away a pair of wire nippers which the officers recovered.

**3.—Circumstantial Evidence—Charge of Court.**

Where upon trial for fence cutting the court charged on circumstantial evidence, it was not necessary to inform the jury that the case on trial was one of circumstantial evidence.

**4.—Same—Charge of Court—Hypotheses of Guilt—Innocence.**

Where upon trial for fence cutting the charge on circumstantial evidence was in the usual form, and concluded, "that the accused and no other person committed the offense charged." the same embodied the necessary test in a negative way that there was a reasonable hypothesis consistent with the innocence of defendant, and there was no error.

Appeal from the District Court of Coke.  Tried below before the Hon. J. W. Timmins.

Appeal from a conviction of fence cutting; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of fence cutting, and his punishment assessed at confinement in the penitentiary for one year; hence this appeal.

There are two counts in the indictment, one for cutting prosecutor's fence and one for cutting a part of prosecutor's fence.  Appellant made a motion to require of the State to elect, which was overruled by the court.  In some character of cases the court might require an election before trial, or after the introduction of the evidence and before going to the jury, but it does not occur to us that there is any possible injury that could accrue to appellant from the refusal of the court to require an election as between these two counts.  It was the same offense and the cutting of a part or the whole of the fence could be submitted to the jury at the same time.

Appellant complains of the action of the court admitting against him certain evidence.  Appellant and his codefendant, Pearl Henderson, were charged with the same offense.  There was evidence connecting them with the commission of said offense.  After their arrest, Pearl Henderson asked leave of the officers to step aside to answer a call of nature.  One of the officers went with him, and while out to one side saw him throw something down which he took to be a pistol or wire nippers.  He went to the place and recovered a pair of wire nippers.  This was the next day after the commission of the offense, the offense having been committed on the night before.  The objection to this testimony was based on the fact that Pearl Henderson was not on trial and the testimony was not admissible against this defendant.  This objection would not exclude the testimony, if it was otherwise admissible.  When there is testimony tending to show that the parties were engaged together in the commission of an offense or in a conspiracy to commit an offense, the general rule is that what one not on trial said or did after the perpetration of the offense or consummation of the conspiracy cannot be adduced in evidence against the other.  However, this is subject to the exception that it can be shown that a co-conspirator was found in possession of the fruits of the crime or the weapon or instrument with which the crime was committed.  Rodriquez v. State, 32 Texas Crim. Rep., 259; Angley v. State, 35 Texas Crim. Rep., 427; Munson v. State, 34 Texas Crim. Rep., 498; Norsworthy v. State, 77 S. W. Rep., 803.  Under these authorities we believe this testimony was admissible against appellant.

It is also urged that the charge on circumstantial evidence is defective in that the jury were not informed that the case was one of circumstantial evidence. This was omitted from the charge. However, we take it that the jury having been charged on circumstantial evidence, that they understood it was such a case.

Appellant also objects to said charge because it did not directly instruct the jury that the testimony must exclude every reasonable hypothesis consistent with the innocence of appellant. This is very similar to the charge in Jones v. State, 34 Texas Crim. Rep., 490. The charge is as follows: "You are further instructed that in order to warrant a conviction on circumstantial evidence each fact necessary for the conclusion sought to be established must be proved by competent evidence beyond a reasonable doubt. All the facts, that is the necessary facts to the conclusion, must be consistent with each other and with the main fact sought to be proved, and the circumstances taken together must be of a conclusive nature, leading on the whole to a satisfactory conclusion and producing in effect a reasonable and moral certainty that the accused and no other person committed the offense charged." In addition to the charge in the Jones case, supra, we find this sentence at the conclusion of the charge: "That the accused and no other person committed the offense charged." Does this additional sentence relieve the charge of error. In Smith v. State, 35 Texas Crim. Rep., 621, in the opinion on motion for rehearing, this question appears to have been considered, and it was there said: "It will be found that the charges on this subject which have met the approval of the courts not only tell the jury to investigate the facts affirmatively, and to find, beyond a reasonable doubt, that, taken together, they are of a conclusive nature, and lead, on the whole, to a satisfactory conclusion, and produce, in effect, a reasonable and moral certainty the guilt of the accused, but that they also are to test this question in a negative way; that. is, to try it as to whether or not there is any reasonable hypothesis from the facts in the case consistent with the innocence of the accused, and if there is, to acquit him. This view, we take it, is in consonance with the opinion in the Webster case, 5 Cush., 295, so often quoted, and which has been followed by this court. In that case the jury were told that they must not only find, to a moral certainty, that the accused committed the offense, but that no other person committed it; thus directly leading the minds of the jury to the question of exhausting every other reasonable hypothesis that might indicate that some other person than the accused committed the offense charged. The charge in this case followed the Webster case, except in this last respect, but omitted to state to the jury in any form that they must try the case as to any other person who might have committed the offense, or that they must exhaust the case upon every reasonable hypothesis consistent with the defendant's innocence before they could convict him." Here, as shown above, the jury were distinctly told that

"they must find the accused and no other person committed the offense charged"; that is, they must exhaust the case as to any other person. Under this authority we believe the charge of the court was sufficient.

We have carefully examined the record, and in our opinion the evidence is sufficient to support the verdict of the jury.

The judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.