## Rolie Richardson v. The State.

No. 9354.   Delivered June 24, 1925.

Rehearing Denied October 21, 1925.

**1.—Forgery—Confession of Accused—A Convicted Felon—Held Admissible.**

Where on a trial for forgery the state introduced a confession of appellant, which was objected to, on the ground that at the time same was made, and on the trial appellant was an unpardoned, convicted felon. While it is true that an unpardoned convict is not competent to testify as a witness against another, it has never been held that he cannot testify in his own behalf, and an extra judicial confession made by him, can also be introduced on his trial for an offense. See, as elucidative, Long v. State, 10, Tex. Crim. App. 197. Following Nicks v. State, 48 S. W. 186.

**2.—Same—Confession of Accused—As to Other Offenses—Held, Admissible.**

Where a confession made by appellant is offered in evidence, it will not be excluded because the statement embraced other offenses, being so worded that it would have been impracticable to have segregated the other offenses, from the one for which he was being tried|

### ON REHEARING.

**3.—Same—Evidence—Held Sufficient.**

In his motion for rehearing appellant insists that the evidence introduced does not identify the check set out as a forgery in the indictment. We cannot agree to this, as we believe that the check was fully and accurately identified by the witness J. C. Jones, as well as by the confession of appellant, and his motion for rehearing is overruled.

Appeal from the District Court of Smith County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction of forgery; penalty, two years in the penitentiary.

The opinion states the case.

*Gentry & Gentry,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—The appellant was convicted in the district court of Smith County for the offense of forgery and his punishment assessed at confinement in the penitentiary for a term of two years.

Appellant's bill of exceptions No. 1, complains at the court's action in admitting in evidence the purported confession of the defendant, the ground of the objection being that the defendant had been convicted heretofore of assault with intent to murder and had served a term of two years in the penitentiary and had never been pardoned

and had never had his citizenship restored, at the time the confession was made and at the time of the trial and that being an unpardoned convict his confession could not be used in evidence against him. Art. 788, C. C. P., among other things provides that persons convicted of a felony in this State or in any other jurisdiction unless legally pardoned shall not be competent to testify. Under this statute, appellant seeks to exclude the confession made by him which the State introduced in evidence, by the mere showing that he was an unpardoned convict at the time the confession was made and at the time of the trial. So far as our investigation has extended, we have failed to find any authority on the direct question presented. It has been held that no fact stated by or derived from an unpardoned convict can so long as the disability remains be detailed as testimony by another or used as evidence against a *third party* for any purpose. Long v. State, 10 Tex. Crim. Rep. 197. This construction of the statute, we think is the correct rule, but we do not believe that either on authority or reason, the construction should be extended so as to prohibit the confession of the accused being used against the person making it. The object and purpose of the statute was twofold, first, the convicted felon is rendered incompetent to testify as a part of the penalty for his crime; second, he is rendered incompetent because his conviction is taken as conclusive that he is unworthy of belief, and, being so, the public is entitled to be protected against his testimony. This being true, could it be said that either purpose of the statute would be subserved by permitting a confession of crime to convict one whose past life has been without reproach, and yet under the same circumstance -allow the escape of another on the mere showing that he by his own act has become infamous? To ask the question is to answer it for to give such construction to the statute would be in effect to declare that a party may profit by his own wrong. Again we call attention to the fact that under the construction given to this article by this court, a convicted felon is permitted to testify in his own behalf. This rule is of long standing and based on well considered principles of both reason and humanity. Then if a party is properly permitted to testify in his own behalf, by what rule of right or reason can it be contended that if he chooses to do so, he may not give testimony against himself? We think there is no such rule and ought not to be, and if we are correct in the above, then it follows, a fortiori, that a voluntary confession made by such person may be used in evidence against him.

The incriminating part of the confession introduced was to the effect that appellant wrote some checks and signed J. C. Jones, name to them and carried them to the People's Guaranty State Bank and got the money; that one of the checks was for $7.00 and another for

$6.00. The appellant objected to the introduction of said confession upon the ground that the same contained evidence of other transactions and offenses having no connection with the offense upon which defendant was upon trial in this cause and the evidence of other transactions or other offenses was wholly immaterial and irrelevant and was prejudicial to the defendant in this cause. It will be observed that the statement above set out is so worded that it would have beent impracticable to have segregated the other offenses from the one for which the appellant was being tried. Under these conditions, we do not think the court erred in admitting the confession although it carried with it suggestions of another offense. The mere fact that appellant used language in confessing to the crime for which he was on trial which would necessarily imply that he was guilty on another similar offense would not exclude the confession.

Finding no error in the record, it is our opinion that the judgment of the trial court should be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's motion is based on two grounds. First, insistence that his confession was not admissible against his because at the time same was made he was a State convict and unpardoned. In Nicks v. State, 48 S. W. 186, this identical question is decided adversely to appellant's contention, which fact escaped us when we wrote originally herein.

The second ground of the motion is that the testimony does not show that the check introduced in evidence was the one set out in the indictment. The alleged forged check was drawn on People's Guaranty State Bank of Tyler, Texas, was for $6.00, and palable to Jim Harden, signed J. C. Jones. Mr. Jones swore that the check shown him was for $6.00, and that he first saw it at the above named bank, and that he did not sign or authorize same. In appellant's confession he stated that he signed Mr. Jones, name to two checks, one for $6.00 and the other for $7.00; that he used Jim Harden's name in them and got the money on them at the People's Guaranty State Bank, of Tyler, Texas. The check introduced without objection was for $6.00 and was drawn on the bank named and was payable to Jim Harden.

The motion for rehearing will be overruled.

*Overruled.*