### Lee Ogburn v. The State.

#### No. 9362. Delivered June 26, 1925.

**1.—Theft—Hearsay Evidence—When Not Reversible Error.**

Where on a trial for the theft of an automobile, hearsay testimony of the identification of the stolen auto is erroneously admitted, it will not constitute reversible error, where the identification of the auto is clearly established by other evidence, and is not seriously denied by appellant. Following Jamail v. State, 268 S. W. 473.

**2.—Same—Evidence—Of Absent Witness—Practice in Trial Court.**

Where a part of the testimony of a witness out of the state, given on the examing trial is introduced by the state, it was error to refuse to permit the appellant to introduce a part of the cross-examination of such witness, which was offered to show bias and interest of said witness.

**3.—Same—Witness—Motive and Animus—Proper to Show.**

It has been a long settled rule of evidence, that the motive or animus that actuates a witness at the time of his testimony is never regarded as immaterial or collateral matters, and the adverse party has the right to prove any motive or declaration of a witness which will tend to show his bias, interest or prejudice, or any other mental condition of the witness, which in any manner tends to affect his credibility. See Branch's Tex. P. C. pages 83 and 84 for collation of authorities.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for theft; penalty, four years in the penitentiary.

The opinion states the case.

*G. C. Barkman,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Bowie County for the offense of theft and his punishment assesed at confinement in the penitentiary for a term of four years.

Bill of exceptions one and two complains at the court's action in permitting the witnesses Palmer and Jordan to testify that they saw and heard Dr. Thompson identify a Ford automobile as being his. The Ford automobile thus identified by Dr. Thompson is the one alleged to have been stolen. It is made to appear by these bills of exception that this testimony was objected to as being hearsay and we think the admission of this testimony was error but in view of the fact that there seems to be no denial in the record that Dr. Thompson's automobile had been stolen and that it was recovered and that the identification of the same was perfect and complete from testimony other than that objected to, this case should not be reversed on account of the error of the court in admitting this testimony. Jamail v. State, 268 S. W. 473.

The witness Virgil Ogburn is the chief if not the only witness relied upon by the State to connect this appellant with the recent possession of the stolen automobile after it was taken. The State must rely largely upon the testimony of the witness Virgil Ogburn to make a case against this appellant. The witness Virgil Ogburn, the record shows, lives in Louisiana but testified in the examining trial of this case in Texarkana and his testimony given in the examining trial was reproduced in part by the State in the trial of this case. It was reproduced under a proper showing that the witness at the time of the trial was a resident of Louisiana and was not present at the trial. The State in introducing his testimony refused to introduce certain parts of the cross-examination, whereupon the defendant offered in evidence the following statement made by the witness on his cross-examination at the examining trial:

"I have been told that if I would come up here and testify that it would help me down there."

The court refused to permit the appellant to introduce this part of the witness' cross-examination. The appellant offered it on the theory and for the purpose of affecting the credibility of said witness Ogburn. The court was in error in excluding this testimony. See Branch's P. C., pages 83 and 84 and the authorities cited thereunder. In the very recent case of Arnold v. State, not yet reported, this question was decided in accordance with appellant's contention. It is well settled that the motive, or animus that actuates a witness at the time of his testimony is never regarded as immaterial or collateral matters and the adverse party has the right to prove any

motive or declaration of a witness which will tend to show his bias, interest or prejudice, or any other mental condition of the witness which in any manner tends to affect his credibility.

For the error of the court in excluding this testimony it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and·remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.