## WINTON L. WELCH V. STATE.

No. 26,330.  May 6, 1953.
Rehearing Denied October 7, 1953.
Appellant's Second Motion for Rehearing Denied
October 28, 1953.
Writ of Certiorari Denied by Supreme Court of
the United States February 1, 1954.

*Robert C. Benavides* and *Martin & Bailey,* by *James H. Martin,* Dallas, for appellant.

*Henry Wade,* District Attorney, *James K. Allen* and *Charles S. Potts,* Assistants District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted for the offense of procuring an abor-

tion and his punishment was assessed at two years in the penitentiary.

The state's proof was sufficient to sustain a finding by the jury that appellant injected a fluid or paste in the womb of the pregnant female named in the indictment, for the purpose of aborting her, at her request, in consideration of $225.00 paid in cash, and that an abortion in fact was produced by appellant's act.

Appellant denied that he aborted or had any intent to abort the prosecuting witness, or that he agreed to do so. He denied that he injected any substance in her womb for that purpose. It was his contention, supported by his testimony and that of his witnesses, that the prosecuting witness had aborted, probably by some act of her own, prior to his seeing her, and that his services were confined to an effort to relieve her. He testified that he received no consideration for attending her.

The appeal is predicated upon two assignments of error based upon exceptions reserved in the statement of facts. There are no formal bills of exception.

When appellant was arrested some six months after the abortion the arresting officers found and took possession of a bottle or jar containing a brown paste-like liquid. This bottle and its contents were admitted in evidence as a state's exhibit, over appellant's objection that it was not shown to have been the same substance which the state claimed was injected in the prosecuting witness, that it was highly prejudicial, irrelevant and immaterial, and was an attempt to bolster the testimony of the prosecuting witness.

Prior to the admission of the exhibit, the arresting officer testified fully to having found the jar and substance in appellant's office at the clinic, and having taken it to a Dr. Mason to be analyzed. No objection was made to this testimony. Dr. Mason had testified, also without objection, that the contents of the jar or bottle was composed of liquid soap and contained potassium-iodide to the extent of .086 per cent.

Thereafter appellant, testifying as a witness in his own behalf, on direct examination, identified the jar and its contents as having come from his office, and said that he had prepared it himself for use as a lubricant, the potassium-iodide having

been added as a sterilizing factor "to keep fungus growth from growing in this soap." He testified that he kept such a substance at all times and that the jar would hold a six or eight months supply for his use.

We see no injury to appellant in the admission of the exhibit, identified by appellant, the testimony as to the jar and its contents being before the jury from other sources without objection.

In Pickett v. State, 155 Tex. Cr. Rep. 195, 228 S.W. 2d 516, at p. 519, we said:

". . . the defendant testified, without objection, to the same facts complained of in the bill. Under the uniform holdings of this Court, such testimony would nullify all objections, even had they in fact been supported."

See also Gaines v. State, 157 Tex. Cr. Rep. 105, 247 S.W. 2d 251, and Vallee v. State, No. 26,155, 158 Tex. Cr. Rep. 387, 256 S. W. (2) 846.

The remaining contention is that the trial court erred in refusing to declare a mistrial because of "the improper conduct of the prosecuting attorneys." The "improper conduct" referred to relates to the question propounded to Mrs. Davis, the boarding house landlady who was a defense witness, "Isn't it true that he (meaning appellant) sent abortion patients to you there —patients to be aborted?"

The witness answered "No, sir," and the trial court sustained appellant's objection and instructed the jury to disregard the question and answer.

The complaint does not relate to the question of whether the testimony should have been admitted or excluded, but to the conduct of counsel in inferring or suggesting that appellant had aborted others.

Sec. 2 of Art. 759a, V.A.C.C.P., provides for such informal bills of exception only on the question of the admission or exclusion of evidence. The question of misconduct of counsel is not one which may be raised on appeal by informal bill of ex ception reserved in the Q and A statement of facts. See Gasway v. State, 157 Tex. Cr. Rep. 647, 248 S.W. 2d 942, 946; Herriage

v. State, 158 Tex. Cr. Rep. 362, 255 S.W. 2d 516; Fernandez v. State, 158 Tex. Cr. Rep. 266, 254 S.W. 2d 1004.

The jury accepted the state's version of the case. The evidence sustains their verdict and we find no reversible error.

The judgment is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

Appellant has filed a well-considered motion for rehearing herein in which he raises for the first time the question relative to a variance between the allegation in the indictment and the proof submitted thereunder.

Appellant was convicted under the second count of the indictment in which it was alleged that he aborted a certain female by means of injecting into her womb or private parts a physical matter and substance, "a better description of which is to the Grand Jurors unknown." This allegation is met by the state by showing that appellant aborted this woman by injecting into her womb a paste-like substance of a brown color. The appellant's main contention herein is that it was also alleged relative to this physical matter and substance, "a better description of which is to the Grand Jurors unknown." Not only did the state allege that such substance was unknown, but it was also proved by the foreman of the grand jury that at the time this indictment was found it did not know by what method this abortion was procured. The testimony does show that certain drugs and medicine were found in the office of the appellant prior to the time this indictment was returned, "a better description of which is to the Grand Jurors unknown."

This matter was not objected to because of a lack of sufficient effort upon the part of the grand jurors to ascertain what such substance was composed of, nor to ascertain whether or not the application of such substance would supposedly cause a pregnant female to abort the fetus within her body. We think it is clearly shown that the grand jurors did not know at the time the indictment was found what caused the abortion or the constituent parts of this brown-colored substance which might have been used for causing the abortion. Under the circumstances, we think this case has been properly disposed of.

The motion for rehearing will be overruled.

ON SECOND MOTION FOR REHEARING.

MORRISON, Judge.

Appellant forcefully contends that the proof failed to establish the following allegations in the indictment:

"1. That the means used (by which the abortion was committed) were to the grand jurors unknown.
"2. That by the exercise of reasonable diligence such means could not be ascertained."

Let us briefly review the facts in the light of this contention.

The alleged abortion was committed on the prosecuting witness on August 25, 1951, by forcing "some sort of fluid or paste" into her uterus. After this operation she noticed a brown discoloration on her dress.

This is all the information she had or that was ever available to the prosecution or the grand jury about the substance that was used to bring about the abortion.

On February 25, 1952, the officers searched appellant's clinic and recovered a jar of a brown paste-like fluid. This was analyzed, and the grand jury presumably had such analysis at the time they returned this indictment against the accused.

The grand jury did not know, and could not have by the exercise of limitless diligence been able to prove, that the two substances were the same. The grand jury had no way of knowing what were the chemical components of the fluid used to bring about the abortion on August 25, 1951.

Under the facts as outlined above, the allegation in the indictment was proper and supported by the proof.

Appellant's second motion for rehearing is overruled.