## Rex Gilbert v. State

No. 32,190. October 26, 1960

Motion for Rehearing Overruled December 14, 1960

DAVIDSON, Judge, dissented.

*J. R. Creighton,* Mineral Wells, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is murder; the punishment, 30 years.

The state's evidence shows that the appellant shot and killed the deceased with a .22 calibre rifle. The killing occurred at the

home of the appellant on an occasion when the deceased was visiting the appellant and his divorced wife, Virgina Gilbert, who at the time was living with appellant. Virginia Gilbert had on occasions also lived with the deceased after being divorced from appellant but had returned to live with the appellant some three weeks before the killing. It was further shown that after the killing and before the date of the trial appellant and Virgina Gilbert were remarried. The proof shows that after the deceased came to appellant's home on the day of the killing, the three consumed some whiskey and that appellant shot the deceased after he had walked out of the house and was leaving the premises with Virginia Gilbert.

Appellant's written confession was introduced in evidence by the state wherein, in describing the killing, appellant stated in part as follows: " * * * Virginia decided she was going with Quinton and I told her she was not going. She wanted to go with him. I know she was drunk. Quinton just asked whether she was going with him or stay with me. We were all sitting on the side of the bed and he got up Virginia said she wanted to go with him, and so Quniton took her by the hand and started out. I stepped to the door and took the gun where it was hanging on some nails in the next room and stepped into the next room where they were and pointed the gun straight up and told him to leave. He had Virginia by the hand and they stepped outside the door so I shot him. I did not think Quinton had a gun * * * ."

As a witness in his own behalf, appellant repudiated that portion of his confession in which he stated, that on the occasion in question, Virgina said she wanted to go with deceased and testified positively that she told the deceased that she did not want to go with him. Appellant testified that before he shot the deceased, the deceased grabbed Virginia by the arm, pulled her off the bed and out of the house, and that he shot to protect her because he was in fear for her life and safety. He further testified that Virginia had told him that the deceased had threatened to kill her.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of both murder with and without malice and instructed the jury upon the right of appellant to defend Virginia Gilbert from both a deadly and milder attack by the deceased.

Appellant's first complaint is to the court's refusal to instruct the jury in the charge that certain evidence offered by the state relative to a common-law-marriage between the deceased and

Virginia Gilbert was, as a matter of law, insufficient to establish a common law marriage between them, and to withdraw such evidence from the jury's consideration. The evidence was properly before the jury for its consideration regardless of whether it was sufficient to establish a common law marriage between the parties. Such an instruction would have been tantamount to a comment upon the weight of the evidence by the court as is prohibited by Art. 658, V. A. C. C. P. The court's refusal to give such instruction does not present error. Nor do we find any error in the court's failure to instruct the jury on the law relating to common-law marriages as such was not an issue in the case.

Appellant next complains of the court's charge on murder without malice on the ground that it did not properly apply the law to the facts. The court, in paragraph 8 of the charge, defined murder without malice as the term is defined in Art. 1257c, V. A. P. C. In the two succeeding paragraphs, the court instructed the jury, in substance, that if they believed from the evidence beyond a reasonable doubt that appellant killed the deceased, but believed that he did so without malice aforethought, or if they had a reasonable doubt thereof, then they would give appellant the benefit of the doubt and find him guilty of murder without malice. Such was a sufficient submission of the issue to the jury as the court is not required to pick out any fact or set of facts in his charge and instruct the jury that if they believed such facts the killing would be without malice aforethought. Mosley v. State, 149 Tex. Cr. R. 523, 196 S. W. 2d 822 and Witty v. State, 150 Tex. Cr. R. 555, 203 S. W. 2d 212.

Upon the law of defense of another, the court instructed the jury that a person has the same right to protect another as he would have to protect himself and that the matter must be viewed from the standpoint of the defendant as it reasonably appeared to him at the time.

In paragraph 11a of the charge, the court instructed the jury that appellant had the right to protect Virginia Gilbert from an unlawful attack and that if an attack was about to be made upon her in such manner that there was created in the mind of appellant a reasonable expectation that she was about to suffer death or serious bodily injury at the hands of Quinton Carroll, the appellant would have the right to resort to any means at his command to prevent her from losing her life or suffering serious bodily injury. Application of such law to the facts was made by the court in paragraph 12 of the charge.

In paragraph 13 of the charge, the court submitted to the jury the issue of appellant's right to defend Virginia Gilbert from an attack less than deadly made upon her by the deceased and instructed the jury that if the attack, if any, made upon her by the deceased was not of such a character as to cause appellant to be in fear of her losing her life or suffering serious bodily injury, nevertheless if the jury found from the evidence or had a reasonable doubt thereof, that in truth and in fact the deceased was in the act of making an unlawful and violent attack upon Virginia Gilbert and that the appellant had no other reasonable or practicable means of preventing such attack, then in such event, appellant would have the right to shoot and kill the deceased and if the jury found that the killing of the deceased took place under such conditions, they would acquit the appellant and say by their verdict "Not Guilty."

The charge, as a whole, amply submitted to the jury appellant's right to defend Virginia Gilbert against a deadly attack under Art. 1222, V. A. P. C. and against an attack less than deadly under Art. 1224, V. A. P. C. Prater v. State, 142 Tex. Cr. R. 626, 155 S. W. 2d 934 and Witty v. State, supra.

We overrule appellant's contention that the court's charge was erroneous because it failed to instruct the jury that he had the right to arm himself for the purpose of protecting himself and Virginia Gilbert and to extricate her from the illegal restraint of the deceased. Under the instructions given by the court, appellant was given the unlimited right to defend Virginia Gilbert, therefore, such further instructions were not required. Chappell v. State, 124 Tex. Cr. R. 187, 61 S. W. 2d 842 and Porter v. State, 152 Tex. Cr. R. 540, 215 S.W. 2d 889. The court's failure to instruct the jury that in passing upon the issue of appellant's defense of Virginia Gilbert they could take into consideration the relative strength and health of appellant and the deceased was not error as such instruction was sufficiently covered in other portions of the charge which instructed the jury that the matter of one's right to act in defense of himself or of another must be viewed from the defendant's standpoint, as it reasonably appeared to him at the time. Garello v. State, 31 Tex. Cr. R. 56, 20 S. W. 179.

By informal bills of exception, appellant complains of the court's action in permitting the state to introduce evidence which showed that Virginia Gilbert had on occasions used the deceased's surname, Carroll, when signing her name to various instruments including applications made by her for insurance and

for a driver's license. No error can be predicated upon the bills as the record reflects that Virginia Gilbert, upon being called as a witness by the appellant, testified to the same matters without objection. Welch v. State, 159 Tex. Cr. R. 352, 264 S. W. 2d 100.

By formal bill of exception No. 6, appellant complains of certain jury argument of state's counsel wherein counsel told the jury, in substance, that a common-law-marriage was recognized in the law of this state. Appellant objected on the ground that counsel was informing the jury of the law with reference to common-law-marriages. The bill reflects that the court sustained appellant's objection to the argument but refused to instruct the jury not to consider the same. The argument was not such as to be prejudicial to appellant. The bill is overruled.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing; the judgment is affirmed.

Opinion approved by the Court.

WOODLEY, Judge.

ON APPELLANT'S MOTION FOR REHEARING

Appellant complains that in Paragraph 11 of the charge the trial court gave an erroneous charge on the law of self-defense in that the jury was first told that homicide is justifiable in the protection of the person against *any* unlawful and violent attack, but in such case all other means must be resorted to for the prevention of the injury. Following this, the jury was instructed that the attack upon the person, in order to justify homicide, must be such as produces a reasonable expectation or fear of death or serious bodily injury.

The court was evidently undertaking to instruct the jury on the law contained in Art. 1224 as well as Art. 1222 P.C.

While Paragraph 11 confused the law of self-defense against an attack giving rise to apprehension of danger of death or serious bodily injury and self-defense against a lesser attack, neither of such defenses was raised by the evidence or applied to the facts in the court's charge. The error was harmless and not ground for reversal. Art. 666 V.A.C.C.P.

The defense raised by the evidence was that of defense of another, namely Virginia Gilbert, from an unlawful attack made upon her by the deceased. We remain convinced that appellant's rights in this regard were amply protected by the charge given.

We do not agree that the jury should have been further instructed regarding appellant's right to extricate Virginia Gilbert from illegal restraint at the hands of the deceased. The claimed illegal restraint and the unlawful assault were one and the same, defense against which was properly charged.

Appellant's motion for rehearing is overruled.

DAVIDSON, Judge, (dissenting).

As pointed out in the original opinion, the trial court submitted self-defense from both the deadly attack and the milder attack of the deceased upon Virginia Gilbert, appellant's former wife.

Self-defense from the milder attack (Art. 1224, P. C.) was submitted to the jury in paragraph 13 of the charge, in which the jury were told as follows:

" * * * if [irrespective of whether the deceased made a deadly attack] you find and believe from the evidence that in truth and in fact the deceased was in the act of making an unlawful and violent attack upon Virginia Gilbert and that the defendant had no other reasonable or practical means of preventing such attack, then in such event, if you so find the facts to be, or if you have a reasonable doubt thereof you are instructed that the defendant would have a right to shoot and kill the deceased, Quinton Carroll; and if you find that the killing of the deceased took place under the circumstances and conditons as above stated, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'not guilty.' "

The plain purport and effect of that charge was to tell the jury that if "in truth and in fact" the deceased was making an unlawful and violent attack upon Virginia Gilbert he would have the right to kill him provided he "had no other reasonable or practical means of preventing such attack"—which meant that if there were other such means such should have been resorted to.

The jury were required, first, to find that the attack was in

truth and in fact made—not that it appeared to the appellant as being made—and, second, that appellant had no reasonable or practical means of preventing the attack other than to kill.

Appellant insists that such charge was erroneous under the peculiar facts of this case.

It is pointed out that the testimony—especially that of appellant—showed that the killing took place at the home of the appellant, away from and out of which the deceased was forcibly abducting and carrying Virginia Gilbert. As to that, appellant testified:

"I shot him because he was dragging her out of the house, off the bed and out of the house against her will, and against mine."

It is apparent, therefore, that the testimony raised the issue that the unlawful and violent attack which the deceased was making against Virginia Gilbert also amounted to and encompassed her unlawful arrest, detention, and abduction by him.

The law is that one who is unlawfully and illegally arrested may use all force necessary to extricate himself from the arrest, using such force as reasonably is necessary to free himself from such unlawful arrest. Cortez v. State, 44 Tex. Cr. R. 169, 69 S. W. 536; Grafft v. State, 134 Cr. R. 30, 113 S. W. 2d 546.

The right is accorded to a third person to interfere with and prevent an illegal arrest and to do for the person unlawfully arrested all that such person would be authorized to do. Cortez v. State, 144 Tex. Cr. R. 116, 161 S.W. 2d 495.

It will be noted that the right accorded to a person unlawfully arrested, or to one seeking to prevent an unlawful arrest, is limited only to the use of no more force than necessary to free himself, or another person, from the arrest. The right to secure release is therefore accorded. It is not a question of whether there existed other means to accomplish that purpose, as was required in the instant charge, but the right existed to use such force as was necessary to secure freedom from the unlawful arrest.

It must be remembered that an unlawful arrest is, within itself, an unlawful assault.

I am constrained to agree with the appellant that he was entitled to have the jury instructed upon the law of false arrest and

to have the jury instructed, in effect, that he had the right to use all force necessary to obtain Virginia Gilbert's release from any unlawful arrest and detention by the deceased.

In limiting appellant's rights and his right to act only when there were no other reasonable or practical means of preventing the attack, the charge, as given, was too restrictive under the facts of this case.

This conviction should be reversed and the cause remanded because of the error in the charge discussed.

I therefore enter my dissent to the affirmance of this case and to the overruling of appellant's motion for rehearing.