THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPHINE WILLIAMS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ADELE H. SASSEN, Appellant.— The indictment in its first count charges the defendants with the crime of manslaughter in the first degree, in that between the 13th and 15th days of April, 1939, they each, aiding and abetting the other, with the use of

instruments, performed a criminal abortion on one Mary Narusavage, as a result of which she died on April 19, 1939. In its second count the indictment charges the crime of abortion. Upon the trial defendants were convicted on both counts and sentenced upon the manslaughter conviction to the State Prison for Women at Bedford Hills, for an indeterminate term, the maximum of which was to be four years and the minimum two years. Sentence was suspended as to both defendants upon the abortion conviction. On the day following the victim's death the police found in the premises of each defendant certain surgical instruments, including a speculum, a curette and catheters which were received in evidence. While there was no proof that these instruments were used in aborting Mrs. Narusavage, there was evidence that some of them are designed to examine the private organs of a female and others may be used to bring about a miscarriage. In addition, a police officer testified that when he discovered the instruments in the apartment of the defendant Williams and told her he would have to take them, she offered to bribe him if he would not do so. Later, when defendant Williams was examined in the district attorney's office, she admitted that before the police arrived she hid the instruments because she was afraid and " because I know it was evidence against me." In our opinion the instruments were properly received in evidence. Immediately after the death of Mrs. Narusavage, defendant Sassen disappeared. She was not apprehended but voluntarily surrendered about one year later. Her husband was called by the People and admitted that when he was examined at the district attorney's office the day following Mrs. Narusavage's death he had a letter bearing the name and address of a Mrs. Mansfield. When defendant Williams was arrested there was a woman named Alvina Kaiburis in the Williams' apartment, who was also taken into custody. At the trial Mrs. Mansfield and Alvina Kaiburis were identified during the examination of the police officers. In our opinion the exhibition of these women was error, but the guilt of both defendants was so palpable and so convincingly proved that the error must be deemed harmless. (Code Crim. Proc. § 542.) Judgment of the County Court of Nassau County convicting defendants of the crimes of manslaughter in the first degree and abortion affirmed. Appeal from intermediate orders dismissed. Lazansky, P. J., Johnston and Adel, JJ., concur; Hagarty, J., dissents and votes to reverse the judgment of conviction on the law and to direct a new trial, with the following memorandum: Surgical instruments found at the homes of the respective defendants five days after the conclusion of the alleged criminal acts were admitted in evidence without any connecting proof of their use by defendants upon the person of the deceased named in the indictment. The purpose of these exhibits and of testimony tending to show that defendants, or one of them, had perpetrated illegal abortions upon two other women, the latter having been brought before the jury, as revealed in the summation of the assistant district attorney, was to show that defendants maintained " two houses of abortion that were being run as one." As to the instruments, the learned trial justice charged that, although they were not evidence that a crime was committed on any particular person by means of them, they were offered to the jury " in a case of this kind for such weight as you think they should have * * *." In my opinion, defendants were deprived of a fair trial. Close, J., concurs with Hagarty, J.