THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HERMAN CHESTER AND SAMUEL BOROWITZ, Defendants.

County Court, Kings County, March 8, 1943.

*Walter R. Hart* for defendant Samuel Borowitz.

*Thomas. Cradock Hughes, Acting District Attorney* (*Sol Klein* of counsel), for plaintiff.

BRANCATO, J. The defendant, Samuel Borowitz, moves for a dismissal of the indictment charging manslaughter, first degree, in violation of subdivision two of section 1050 of the Penal Law, upon the following grounds: " 1. That the evidence adduced before the grand jury was insufficient to establish the crime charged (manslaughter arising out of an alleged abortion); 2. That there was absolutely no evidence before the grand jury tending to connect the defendant, Borowitz, with the commission of the crime charged; 3. That the grand jury received testimony which was incompetent as a matter of law."

The sufficiency of the evidence intended to establish the cause of death herein contested was sustained by one of the judges of this court duly assigned for the hearing of motions, when denying a previous application made by the codefendant Chester above named, who likewise demanded that the indictment be dismissed, *inter alia,* for the same reason now advanced by the defendant Borowitz. But as far as I have been able to ascertain, there is no rule of practice which authorizes a judge to review the determination of a motion made by another judge of co-ordinate jurisdiction and make a finding adverse to that of the latter. The authorities do not seem to support such practice. (*Silver & Co.* v. *Waterman,* 127 App. Div. 339; *Heischober* v. *Polishook,* 152 App. Div. 193; *Flanders* v. *Murray,* 177 Misc. 239; *Hammond* v. *Barone,* 33 N. Y. S. 2d 119.)

With regard to the second reason urged as a basis for this motion, I am not unmindful of the very recent decision of the Court of Appeals in the case of *People* v. *Nitzberg* (289 N. Y. 523) wherein section 399 of the Code of Criminal Procedure was construed to mean that, not only can there be no conviction *but not even an indictment* upon the testimony of an accomplice, unless corroborated by such other evidence as tends to connect the defendant with the commission of the crime charged.

This statute, however, does not require that the defendant's guilt be *established* by the corroborating evidence. The statute simply requires " other evidence " of some material fact, *tending* to show that the defendant was implicated in the commission of the crime. The corroborative evidence in and of itself does not have to prove the *commission* of the crime; neither does it have to prove that *defendant committed* the crime. (*People* v. *Mayhew,* 150 N. Y. 346, 353; *People* v. *Cohen,* 223 N. Y. 406, 426.) It suffices if it is material and fairly and reasonably *tends to connect* the defendant with the commission of the crime. (*People* v. *Kress,* 284 N. Y. 452; *People* v. *Feolo,* 284 N. Y. 381, 388; *People* v. *Goldstein,* 285 N. Y. 376.)

The grand jury minutes reveal that one Paul Tribble, undoubtedly an accomplice in this case, after finding out that his girl friend had become pregnant, went to see the defendant Borowitz, a druggist, in his drug store, and had a conversation with him, as a result of which the said defendant gave Tribble a box of ergot capsules and some pills containing mercury chloride, jalop and colocyth. Ergot is a medicinal used as a uterine contractor to contract the muscles so as to expel certain material from the uterus. We know that it may be obtained only upon prescription from a physician.

Tribble gave some of these capsules to his girl friend but without the desired result. Several days later he again visited the defendant and told him that the capsules were not any good and that he would have to see a doctor, whereupon the defendant told him to come back later. Upon his return, the defendant telephoned to a doctor but without success. He told Tribble to come again the next morning.

The following morning, Saturday, Tribble called on the defendant as requested. The defendant telephoned Dr. Chester, the codefendant, and thereafter told Tribble to call on the doctor that evening. Accordingly, Tribble went to see Dr. Chester and brought his girl friend along. The doctor is alleged to have then performed an illegal operation upon her, thereafter hurriedly taking her to a hospital, having first telephoned the director of the department of Gynæcology and Obstetrics of said hospital, inquiring what to do. The next day, Sunday, Tribble called on the defendant at his drug store and told him that his girl had to be taken to the hospital and that he had been questioned by a detective. The defendant then advised him that if he wanted any information from the doctor, he should not telephone him but should rather call on him personally.

Detective Flaire, the arresting officer, testified before the grand jury as follows: "Q. And what did Borowitz say concerning People's Exhibit No. 1? A. He stated he had given the pills and capsules to Paul Tribble to bring his girl around. Q. And then with relation to Dr. Herman Chester, did Borowitz say anything? A. He said that Paul came back and told him that the pills didn't work, and asked him if he could recommend a doctor and he told him that he would make an appointment with a good doctor and for Paul to come back the next day. Paul came back the next day with his girl and he sent him to Dr. Chester, and told him to go there after the visiting hours."

These facts, uncontradicted and otherwise unexplained, taken together, justify the indictment against the defendant Boro-

witz. It may be that some of the questions asked before the grand jury and the answers elicited from witnesses thereto would not stand the test or conform with well-established and prescribed rules of evidence. After reading the minutes of the grand jury, however, I am satisfied that there has been a substantial compliance with the provisions of sections 256 and 258 of the Code of Criminal Procedure (*People* v. *Grout*, 174 App. Div. 608; *People* v. *LaBarbera*, 159 Misc. 177; *People* v. *Osborne*, 158 N. Y. S. 572), and defendant's motion to dismiss the indictment is therefore denied. Submit order.