[Crim. No. 2926. First Dist., Div. Two. Sept. 17, 1953.]

THE PEOPLE, Respondent, v. ROBERT WARREN,
Appellant.

Natalie J. Holly for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant was convicted by a jury of a violation of Penal Code, section 4502, possession of a knife while a prisoner in a state prison. He appeals from the order denying his motion for a new trial. Prosecution witnesses testified that appellant took the knife from his jacket and threw it on the prison floor after being directed to step out of a line of prisoners by a prison officer. Appellant and certain other prisoners testified that appellant did not take the knife from his pocket nor throw it to the floor.

A prisoner, Bobby Johns, testified over objection, that in the evening two days before the date of the charged offense appellant entered his cell, pulled out a knife (identified by Johns as the same knife which other witnesses had testified was thrown to the prison floor by appellant) and held the knife to Johns' side, stating:

"I got ways of making guys do things I want them to do. . . . You know it will go through, don't you?"

He further testified that appellant, although he was not his cellmate, spent the night in his cell and exhibited the knife to him again the next morning, and that he had reported these facts to Lieutenant Wagner, of the prison staff.

Appellant argues that the admission of this evidence of other crimes was prejudicially erroneous. However in this case the introduction of this evidence falls within a settled exception to the rule that admission of evidence of other crimes is not ordinarily permitted. Here the possession of the knife at the time charged was denied by appellant and his witnesses. Proof of his possession of the identical knife on the two separate days immediately preceding the day of the alleged offense had a strong probative value to rebut the defense testimony that he did not possess it on the date charged. Where the evidence has a reasonable tendency to connect the defendant with the crime charged it is admissible even though it may also show the commission of another offense. "It is the law that where the proffered evidence directly throws light upon the facts of the issue being tried, it is admissible although it proves another offense as well." (*People* v. *Ellis*, 188 Cal. 682, 689 [206 P. 753]; *People* v. *Vollman*, 73 Cal.App.2d 769, 782 [167 P.2d 545].)

The court properly limited the effect and use of this evidence by its instruction that it was received for a limited purpose only, "not to prove distinct offenses or continual criminality but for such bearing, if any, as it might have, on

the question whether the defendant is innocent or guilty of the crime charged against him in this action.

"You are not permitted to consider that evidence for any other purpose . . . The value, if any, of such evidence depends upon whether or not it tends to identify the defendant as the perpetrator of the offense of which he is now accused and to connect him with it."

It was equally proper on cross-examination of Kerns and Bonnot, Johns' and appellant's cellmates respectively, who had testified that appellant did not spend the night in question in Johns' cell, to attempt to break down that testimony.

The testimony of the prison officer Wagner that after searching appellant's cell he instructed Officer Ballard to go to the Education Building and Ballard's testimony that he went to the Education Building and asked appellant to step out of line was preliminary to the testimony that immediately thereafter appellant threw the knife to the floor, and we can find no prejudice to appellant therein.

Appellant charges that in several particulars the district attorney was guilty of prejudicial misconduct. Insofar as these charges of misconduct concerned the introduction of evidence we have already discussed them. Appellant charges an innuendo of sexual abnormality. In no word of evidence or argument was sexual abnormality referred to.

In all but one instance alleged misconduct charged in the argument of the prosecutor was not objected to and, if misconduct, cannot be relied upon by appellant. It is only where misconduct is so flagrant that no admonition to the jury could have cured it that an appellant may raise the question on appeal where no objection was interposed in the trial court. (*People* v. *Codina*, 30 Cal.2d 356, 362 [181 P.2d 881].) We find nothing of that kind in this record.

The following is the only instance of alleged misconduct in argument where an objection was voiced:

"Who are these witnesses (referring to appellant's witnesses) ladies and gentlemen? A first degree robbery, a second degree robbery, destruction of State property, forgery, burglary, escape. These are dangerous men, men of the same group, the same ilk, as Robert Warren.

"Mrs. Holly: I am going to object to calling my client a dangerous man. There is nothing in the record to show he is dangerous and I cite it as misconduct on the part of the District Attorney."

Without deciding whether this statement may have been objectionable on other grounds, the ground specified was not well taken. The testimony that appellant threatened Johns with the knife justified the prosecutor's characterization of him. The only ground of objection "there is nothing in the record to show he is dangerous" was not well taken.

The order denying a new trial is affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied October 2, 1953, and appellant's petition for a hearing by the Supreme Court was denied October 15, 1953. Carter, J., was of the opinion that the petition should be granted.