[Crim. No. 2928. First Dist., Div. One. Feb. 26, 1954.]

THE PEOPLE, Respondent, v. MICKEY VOSBURG, Appellant.

Benjamin F. Marlowe for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

BRAY, J.—Defendant appeals from her conviction of four counts of violating section 274, Penal Code (abortion), and from the order denying new trial.

Defendant was charged with abortions on four women, respectively. She concedes the sufficiency of the evidence. She could hardly do otherwise, in view of the testimony of the four prosecuting witnesses and other evidence in the case. It is therefore unnecessary to discuss the evidence other than that affecting her legal points. She makes three contentions, none of which is sound.

## 1. SIMILAR ABORTIONS

Plaintiff introduced evidence of abortions performed by defendant on three women other than the complaining witnesses. It is well settled that evidence of the commission of similar crimes is admissible to show intent, preparation, guilty knowledge, identity, scheme, plan or design. (Other abortions: *People* v. *Green,* 111 Cal.App.2d 794 [245 P.2d 526]; other lewd acts: *People* v. *Zabel,* 95 Cal.App.2d 486 [213 P.2d 60]; other homicide: *People* v. *Peete,* 28 Cal.2d 306 [169 P.2d 924]; other thefts: *People* v. *Gordon,* 71 Cal. App.2d 606 [163 P.2d 110]; other abortion: *People* v. *Clapp,* 67 Cal.App.2d 197 [153 P.2d 758].)

## 2. ABORTION EQUIPMENT

Defendant was taken into custody when she drove up to her home. In the back of her car was found an overnight case containing many instruments and other items of equipment. On the same day, in her apartment was found a brown paper bag, containing rubber gloves, packets of gauze, catheters, and penicillin. Additional equipment, including a speculum, was found in defendant's home in Alameda. A doctor testified that many of these instruments and equipment were suitable for use in the performance of abortions, although they had other uses, too. There was evidence that defendant in performing the abortions had used a speculum, a catheter, gauze and penicillin. It is well

settled that evidence of possession of instruments suitable for performance of abortions is admissible without the necessity of connecting the instruments with the commission of the crime. "Possession of the instruments was evidence that defendant's office was equipped for the performance of operations of the nature described by the witnesses." (*People* v. *Pollum,* 97 Cal.App.2d 173, 178 [217 P.2d 463]; see, also, *People* v. *Stone,* 89 Cal.App.2d 853, 865 [202 P.2d 333]; *People* v. *Ramsey,* 83 Cal.App.2d 707, 719 [189 P.2d 802]; *People* v. *Clark,* 122 Cal.App.2d 342 [265 P.2d 43].)

### 3. INSTRUCTIONS

■ The instruction complained of is CALJIC No. 33. It limits the purpose of the evidence of similar acts to "such bearing, if any, as it might have on the question of whether defendant is innocent or guilty" of any of the crimes charged. It states that the value of such evidence depends upon whether it tends to show (1) the identity of the person who committed the crimes charged, or (2) that defendant was familiar with the means alleged to have been used in their commission; (3) that defendant possessed knowledge that might have been useful in their commission. This correctly states the law. (See authorities above cited.) Moreover, the instruction is similar to the one approved in *People* v. *Warren,* 120 Cal. App.2d 257 [260 P.2d 973].

The judgment and order are affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.