168 Cal.App.2d 57 (1959)
THE PEOPLE, Respondent,
v.
WALTON VAN NORT STUART, Appellant.
Crim. No. 3490. 
California Court of Appeals. First Dist., Div. One. 
Feb. 17, 1959.
 Haley, McInerney & Logan and Richard G. Logan for Appellant.
 Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.
 BRAY, J.
 Defendant appeals from a judgment of conviction of abortion after jury verdict and from the order denying new trial.
 Question Presented
 1. Was cross-examination of defendant as to other abortions by means of pessaries proper?
 2. Alleged error in instruction to disregard arguments and statements of counsel.
 3. Alleged misconduct of district attorney.
 Facts
 As no contention is made that the evidence does not support the verdict the evidence will not be detailed in full. The prosecuting witness, Pat, a 21 year old burlesque entertainer, testified that she went to the office of defendant (a chiropractor) and told him that she was pregnant and wanted to get rid of it. He ministered to her but performed no actual operation. She returned the next day and he inserted air into her womb to induce the abortion. This resulted in what was diagnosed at the hospital to which she later went, as an incomplete abortion. She paid defendant $90 for the operation.
 One Lois testified to defendant performing a similar operation to abort her, after on two different occasions fitting her with a pessary which did not accomplish results.
 Defendant denied attempting an abortion on Pat, testifying that she came to him to be fitted with a "permanent diaphram"--a *59 pessary. On examining her for a fitting he discovered that she was pregnant and refused to proceed further. Defendant likewise denied attempting to abort Lois, or knowing that she was pregnant. He did fit her with a permanent diaphram and also treated her for ovaritis with an ultrasonic device.
 1. Cross-examination.
 [1a] As above stated, defendant gave as a reason for not treating Pat the fact that he found that she was pregnant. On cross-examination defendant said that he would not fit a woman who was pregnant with a pessary because it might cause a miscarriage. The prosecutor then asked defendant if he had not fitted five named women with pessaries when they were pregnant. As to one, defendant admitted fitting her but denied that she was pregnant. As to three of the others, he could not tell whether he had fitted them, without looking at his records. As to one, the question was not answered, being lost in argument of counsel.
 Such questions or the evidence sought to be reached by the questions could not have been asked or introduced independently for the purpose of showing intent, preparation, guilty knowledge, identity, or scheme, plan or design, since the abortions would have been effected by means different from those for which defendant was on trial. (See People v. Darby (1944), 64 Cal.App.2d 25, 31 [148 P.2d 28].) [2] Evidence of other abortions is admissible where those abortions were similar to the one at issue. (People v. Green (1952), 111 Cal.App.2d 794 [245 P.2d 526]; People v. Vosburg (1954), 123 Cal.App.2d 535 [266 P.2d 927].) [1b] Although the fact that a defendant testified to certain matters on direct examination does not automatically permit cross- examination on those matters (see People v. Wells (1949), 33 Cal.2d 330, 340 [202 P.2d 53], to the effect that the "open the gates doctrine" does not always apply), here the questions asked dealt directly with a subject important to defendant's defense. Defendant introduced it to show why he did not treat Pat, and why he did not fit Lois with a pessary. The district attorney could not have objected to defendant's testimony as it was a part of his claimed defense. Therefore the district attorney had a right to show that it was not true, that in spite of defendant's statement that he would not fit a pregnant woman, he had done so on several occasions.
 The situation here was analogous to that in People v. Westek, *60 31 Cal.2d 469 [190 P.2d 9]. There the defendant was charged with sodomy and violation of section 288, Penal Code, in relation to several young boys. The defendant testified that never at any time had he ever committed any act of sodomy or lewdness upon any boy. Upon rebuttal, the prosecution produced three boys who testified to such acts by defendant upon them. After pointing out that evidence of other crimes is not admissible where it is offered solely to prove criminal disposition or propensity, the court held that the evidence was admissible there because the defendant, "apparently actuated by a desire to place himself in an especially favorable light before the jury, injected into the case in the course of his direct examination the whole subject matter of his past conduct with any boy, and it was to offset the effect of this gratuitous testimony that the prosecution introduced the challenged evidence." (P. 476.)
 In People v. Hoffman, 199 Cal. 155 [248 P. 504], a prosecution for murder, the appellant on direct examination testified that he had never had trouble or difficulty with anybody before. On cross-examination, over the objection of the appellant's counsel, the appellant testified that never in his life had he ever drawn a gun on anybody. The reviewing court held that the cross-examination was proper, as was the admission of testimony in rebuttal to the effect that the appellant had threatened another person with a gun. The court said that the rebuttal evidence tended to impeach the testimony given by the appellant that he had led an untroubled life and had never drawn a gun on anyone, and that in so doing the court was not unmindful of the rule that a witness may not be impeached as to collateral matters.
 2. Instruction as to Attorney's Statements.
 [3] The court gave the following instruction: "The statements and arguments of counsel are not evident [sic] in the case and any statement made by counsel either during the trial or argument which is not supported by the evidence or which is inconsistent with the court's instructions as to the law are to be disregarded by you. This, however, does not apply to stipulation of fact by counsel which stipulation of fact must be treated by you as proven facts in the case." Defendant contends that this instruction should not have been given because two of defendant's attorneys testified as to a conversation between them, Pat's employer and Pat. Their testimony and that of the employer as to whether the facts of the case were discussed differed from Pat's version. Defendant *61 contends that the instruction misled the jury, and that this fact is shown because on the second day of its deliberation the jury requested the reading of the testimony of the employer and of all Pat's and Lois' testimony. The asking for all of Pat's and Lois' testimony as well as that of the employer in nowise indicated that the jury was misled by the instruction. To some extent the alleged impeachment was on a collateral matter, namely, whether the attorneys asked Pat if there was anything she could add to her testimony previously given that would be favorable to defendant. She testified that after that conversation, she was fired from her job. Both the attorneys and the employer testified that the attorneys had not asked for her discharge. The instruction is clear, unequivocal and proper. If defendant desired anything further on the subject he should have offered an instruction.
 3. Alleged Misconduct.
 [4] The prosecution asked defendant if he had been previously convicted of a felony, to wit, abortion, and was then serving a term in San Quentin. Defendant objected to the question and asked the court to admonish the jury. The court, on the ground that it was complex and compound, ordered it stricken, but did not admonish the jury. The question was reframed omitting the part about San Quentin.
 Defendant concedes that the portion of the question concerning his conviction was proper but contends that mention that he was then in San Quentin was improper. Had the prosecution, instead of asking defendant, introduced the record of the conviction, as it had the right to do (see People v. Darcy, 101 Cal.App.2d 665, 671 [226 P.2d 53]), such record would have shown that defendant had been committed to prison. There was no misconduct by the district attorney in asking the question. There is nothing in either People v. Darcy, supra, 101 Cal.App.2d 665, or People v. Wynn, 44 Cal.App.2d 723 [112 P.2d 979], holding it prejudicial error in proving a prior conviction for the purposes of impeachment in bringing out incarceration in prison. In the Darcy case the prosecution introduced in evidence not only the record of the judgment of conviction but also the defendant's record in the penitentiary, his prison photographs and fingerprints. Although the court held that these latter were not admissible, it held that the error in admitting them was not prejudicial. The failure of the court, after sustaining an objection to the question to admonish the jury was not prejudicial. *62
 [5] During argument between counsel the prosecutor stated, "Your Honor, this is cross-examination, not impeachment but he has seen this. This was his exhibit, a previous trial against another victim." Defendant charges the reference to a previous trial and the use of the words "another victim" were misconduct. So far as the reference to the previous trial is concerned, defense counsel on several occasions had referred to that trial. As to the words "another victim" defendant had admitted his conviction of the crime of abortion. The word "victim" is a reasonable characterization of a person upon whom an abortion has been performed. There was no misconduct in the action of the district attorney.
 The judgment and order are affirmed.
 Peters, P. J., and Wood (Fred B.), J., concurred.