[Crim. No. 3103. Third Dist. Dec. 9, 1960.]

THE PEOPLE, Respondent, v. JOHN REDDEN, Appellant.

Harry J. Englebright for Appellant.

Stanley Mosk, Attorney General, and Nat Agliano, Deputy Attorney General, for Respondent.

PEEK, J.—By indictment the defendant, John Redden, was charged with violations of sections 261, 288 and 288a of the Penal Code, involving his 12-year-old stepdaughter. He now appeals from the judgment of conviction, which was entered pursuant to the jury's verdict finding him guilty on all counts, and from the order denying his motion for a new trial.

Four contentions are made: (1) that the evidence was insufficient to support the conviction; (2) that the district attorney was guilty of prejudicial misconduct; (3) that the trial court erred in the admission of certain testimony; and (4) that the defendant was represented by incompetent counsel. From our examination of the record, we conclude that defendant's contentions are without merit and that the judgment of conviction must be affirmed.

It does not appear necessary to set forth the evidence in detail. It is sufficient to note that the prosecutrix described in great detail the various acts with which the defendant was charged. Her testimony was corroborated in part by her mother, a neighbor, and the doctor who examined her following defendant's arrest. While it is true that the evidence is not without conflict and that much of it is open to question, nevertheless it was sufficient, if believed by the jury (which it obviously was), to support the conviction.

Defendant's next contention relates to certain acts of misconduct on the part of the prosecuting attorney. Counsel concedes that while it would be difficult to say that any one act would compel a reversal, yet when all are considered collectively the record discloses a course of conduct by the district attorney which deprived the defendant of a fair trial.

He first attacks the action of the district attorney at the outset of the trial in using the word "sordid" in reference to the statement by the prosecutrix to her mother regarding defendant's actions. After a review of the evidence, it hardly can be doubted but that this characterization was entirely accurate. However, even if not, it cannot be said

to go beyond legitimate comment by the district attorney (*People* v. *Carr,* 163 Cal.App.2d 568 [329 P.2d 746]).

Defendant's next contention relates to certain questions asked by the prosecution which defendant argues were for the sole purpose of showing that defendant did not believe in God. There can be no question but that defendant's religious beliefs were in no way relevant to the issues before the jury. However, it appears that defendant's counsel first opened the door to this line of questioning and secondly, that no objection was made when the district attorney further pursued his questioning. Under such circumstances, the alleged error cannot be raised for the first time on appeal (*People* v. *Stuart,* 168 Cal.App.2d 57, 62 [335 P.2d 189]).

Defendant also attacks the district attorney's conduct in his cross-examination of defendant's sister. On direct examination, she had testified that defendant's general reputation in the community was that of a nonviolent individual. Apparently this was relevant only to discredit the testimony of the prosecutrix to the effect that she had not reported the acts committed by defendant because of her fear of him. The district attorney had asked if the witness was "aware of his various arrests for drinking and disorderly conduct and fighting and things like that." Defendant objected upon the ground that testimony relative to acts of drunkenness or disorderly conduct had no bearing upon the particular facet of his reputation which was in issue. The court sustained the objection and thereafter the district attorney asked if the witness was "aware of the various arrests of him for disturbing the peace . . . [and] his assault on June in 1957." Here, again, while the question was improper, no objection was made and as previously stated, this issue cannot now be raised.

Defendant's next attack relates to questions asked of a defense witness concerning her relationship with defendant's brother. Although such a relationship might well be proper to show bias (*People* v. *Wayne,* 41 Cal.2d 814 [264 P.2d 547]), in any event the court admonished the jury to ignore any innuendo suggested by the district attorney's questions and hence, we cannot say that if they were prejudicial any reversible error resulted.

Defendant's next contention in this regard concerns comments made by the district attorney as to answers of a witness relative to visiting the defendant at a particular time. The defendant, in fact, was in jail during this period

and the district attorney commented, ''Apparently you weren't coached well enough.'' Again, no objection was made to the remark and no motion to admonish the jury was requested.

 Defendant finally charges the district attorney with misconduct in his own cross-examination. The defendant had testified on direct concerning actions of the prosecutrix with a young boy and that he had reported the incident to his wife. The district attorney asked questions to the effect that defendant's testimony was a fabrication and that defendant had never talked to his wife about it, and made a further statement to the court that the incident was completely unknown to her. However, the court again admonished the jury that it was not to consider such comments by counsel and that he would fully instruct them in such matters at the conclusion of the case.

Defendant's final contention, that he was not properly represented, cannot be sustained. Before it can be held that an accused's representation by counsel of his own choice was so inadequate as to violate his right to representation and thus be denied due process, an extreme case must be shown. The representation must have been of such low order that the trial was rendered a farce and a mockery of justice or that the essential integrity of the proceeding as a trial was destroyed by the incompetency of counsel (*People v. Wein*, 50 Cal.2d 383 [326 P.2d 457]). Here it should be noted that like contentions were made to the trial court on the hearing on defendant's motion for a new trial, and that the trial court in denying the motion observed that ''The conduct of counsel for defendant in all stages of this proceeding has been anything but incompetent'' and that ''The defendant was ably represented.''

Judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.