[No. 35938. Department One. December 22, 1961.]

THE STATE OF WASHINGTON, *Respondent*, v. THEODORE N. CRAIG, *Appellant*.*

*Robert E. Cooper* (of *Skoog, Mullin & Cooper*), for appellant.

*John G. McCutcheon* and *S. J. Witt*, for respondent.

FOSTER, J.—Appellant seeks reversal of his conviction of the crime of abortion on two grounds: admission of two surgical instruments in evidence, and the denial of his motion for a new trial which was based upon the claim that the verdict was against the law and the evidence.

Respondent's case was proved by the testimony of the prosecuting witness and another woman who was present at the operation, by surgical instruments admitted in evidence, by expert testimony concerning the use of such instruments, and by expert medical testimony anent abortion.

The two surgical instruments, which were seized in appellant's office a month after the offense charged, are cervical dilators, which are employed in producing abortions.

Neither witness identified the two exhibits as having been used, but the prosecuting witness testified that,

*Reported in 367 P. (2d) 617.

although she was unable to see or describe them, surgical instruments had been used by appellant.

■ The admissibility of instruments particularly suitable for use in performing abortions has been frequently assigned as error on appeal from convictions of that crime, but the decisional law[1] is that such are admissible even though discovered long after the commission of the offense. Appellant's counsel was unable to point to a single instance in which the admission of such instruments has been held to be error, nor has the court's research disclosed any.

The argument made here against the admissibility of the instruments is that there is a total lack of proof that they were used by appellant in the act charged. *People v. Collins,* 9 Cal. Rptr. 33, 186 Cal. App. (2d) 329; *People v. Vosburg,* 123 Cal. App. (2d) 535, 266 P. (2d) 927; *People v. Pollum,* 97 Cal. App. (2d) 173, 217 P. (2d) 463, specifically hold that surgical instruments commonly used in performing abortions are not rendered inadmissible because there is no proof that any such instruments were used by the accused in performing the act charged.

In *People v. Vosburg, supra,* the court's words in deciding this particular assignment are:

---

[1] *People v. Collins,* 9 Cal. Rptr. 33, 186 Cal. App. (2d) 329; *People v. Bowlby,* 135 Cal. App. (2d) 519, 287 P. (2d) 547, 53 A. L. R. (2d) 1147; *People v. Vosburg,* 123 Cal. App. (2d) 535, 266 P. (2d) 927; *People v. Morris,* 110 Cal. App. (2d) 469, 243 P. (2d) 66; *People v. Stone,* 89 Cal. App. (2d) 853, 202 P. (2d) 333, motion for recall den., 93 Cal. App. (2d) 858, 210 P. (2d) 78; *People v. Pierson,* 69 Cal. App. (2d) 285, 159 P. (2d) 39; *People v. Pollum,* 97 Cal. App. (2d) 173, 217 P. (2d) 463; *State v. Hollos,* 76 Ohio App. 521, 65 N. E. (2d) 144; *Geer v. State,* 16 Ohio Cir. Ct. (N. S.) 151; *Moore v. State,* 37 Tex. Crim. 552, 40 S. W. 287; *Housman v. State,* 155 Tex. Crim. 49, 230 S. W. (2d) 541; *State v. Miller,* 364 Mo. 320, 261 S. W. (2d) 103; *Wilson v. State,* 181 Md. 1, 26 A. (2d) 770; *State v. Barnes,* 75 N. J. L. 426, 68 Atl. 145; *People v. Williams,* 260 App. Div. 1024, 23 N. Y. S. (2d) 761; *Commonwealth v. Brown,* 121 Mass. 69; *Commonwealth v. Blair,* 126 Mass. 40; *Commonwealth v. Dawn,* 302 Mass. 255, 19 N. E. (2d) 315; *Commonwealth v. Noxon,* 319 Mass. 495, 66 N. E. (2d) 814. See, also, *Jarquin v. State,* 155 Tex. Crim. 140, 232 S. W. (2d) 736; *State v. Fitzgerald* (Mo.), 174 S. W. (2d) 211; *State v. Proud,* 74 Idaho 429, 262 P. (2d) 1016; *State v. Colmer,* 45 N. J. Super. Ct. 236, 132 A. (2d) 325; *State v. Grissom,* 35 N. M. 323, 298 Pac. 666.

"  .  .  . It is well settled that evidence of possession of instruments suitable for performance of abortions is admissible without the necessity of connecting the instruments with the commission of the crime. 'Possession of the instruments was evidence that defendant's office was equipped for the performance of operations of the nature described by the witnesses.'  .  .  ."

The exhibits were properly admitted.

There is ample evidence to sustain the verdict.

The judgment is affirmed.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.