Lazaro GONZALEZ–CUEVAS and Amelia Valerio de Gonzalez, Petitioners,

v.

IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent,

Lazaro GONZALEZ–CUEVAS and Amelia Valerio de Gonzalez, Petitioners,

v.

IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.

Nos. 74–3213, 75–2206
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 18, 1975.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.

Sam Williamson, Houston, Tex., for petitioners in both cases.

William B. Saxbe, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Anthony J. P. Farris, U. S. Atty., Houston, Tex., for respondent in 74–3213.

Troy A. Adams, Jr., Director, Immig. & Nat., New Orleans, La., John L. Murphy, Chief Gov. Reg. Sec., Rex Young, Atty., Crim. Div., Washington, D. C., for respondent in both cases.

Edward H. Levi, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Edward B. McDonough, Jr., U. S. Atty., Helen M. Eversberg, Asst. U. S. Atty., Houston, Tex., District Director, Immig. & Nat. Ser., Los Fresnos, Tex., for respondent in 75–2206.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

Petitioners seek review of an order of deportation entered against them January 24, 1974 pursuant to Section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) for having remained in the United States longer than permitted. Gonzalez-Cuevas entered the United States in June 1967 and his wife entered in August 1968. Both were admitted as non-immigrant visitors for pleasure for a period of time not to exceed seventy-two hours. On June 21, 1973 both petitioners were granted the privilege of voluntary departure without issuance of a show cause order. They did not depart and deportation proceedings resulted. Petitioners, represented at the deportation hearing by counsel of their choice, admitted deportability and applied for voluntary departure pursuant to 8 U.S.C. § 1254. Petitioners are the parents of nine children, two of whom were born in the United States. Gonzalez-Cuevas is gainfully employed in this country. Neither petitioner has been arrested or convicted of any offense here or in Mexico, the country of their citizenship.

The immigration judge found petitioners deportable and granted their request for voluntary departure in lieu of deportation. The immigration judge further granted the total length of time requested by counsel for petitioners on the ground that hardship to their children who were then in school warranted a longer period for voluntary departure than that requested by the government. The decision of the immigration judge was appealed to the Board of Immigration Appeals. That board dismissed the appeal on May 31, 1974. The appeal to this court in No. 74–3213 ensued with the request that this court remand the cause to develop a record which would support the deferral of the order of deportation until such time as petitioners could mature a priority position for the issuance of immigrant visas. The basis of this request was an allegation of violation to the rights of petitioners' citizen children. During the pendency of this initial appeal, it was made known to this court that petitioners had filed a motion to reopen with the Board of Immigration Appeals. We deferred the present proceedings pending the board's action on that request. The board refused to reopen. Petitioners' appeal in No. 75–2206 is from that latest refusal. We have consolidated the two proceedings here *sua sponte* and, since no further issue is now pending before the board, we proceed to decide both appeals.

In Perdido v. I.N.S., 420 F.2d 1179 (5th Cir. 1969), we rejected the argument that deportation of parents of a citizen child deprives the child of a constitutional right. In Aalund v. Marshall, 461 F.2d 710 (5th Cir. 1972) we recognized that deportation of alien parents of citizen minor children resulted in the *de facto* deportation of those children, but held this consideration alone did not render the order for deportation of the parents an abuse of discretion by Immigration Service officials.

Petitioners, who illegally remained in the United States for the occasion of the birth of their citizen children, cannot thus gain favored status over those aliens who comply with the immigration laws of this nation. Any ruling which had this effect would stand those statutes on their heads. *See* Mendez v. Major, 340 F.2d 128 (8th Cir. 1965). Two things are clear. (1) Legal orders of deportation to their parents do not violate any constitutional right of citizen children and the orders here on review are valid orders. (2) Petitioners' violations of the immigration laws create no extraordinary rights in them, directly or vicariously through their citizen children, to retain their illegally acquired residency status in this country while awaiting legalization of their entry and right to remain through the issuance of visas.

We are asked to consider the actions of the United States Consul in Monterrey, Mexico in assigning a priority date for the issuance of visas to petitioners based upon the date of petitioners' application rather than the date of the citizen childrens' birth. This action is not within the ambit of our review. Cheng Fan Kwok v. I.N.S., 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968), and Foti v. I.N.S., 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963).

The petition for review in No. 74–3213 is denied. The petition for review of the board's refusal to reopen in No. 75–2206 is denied.