Guadencia AGUILAR and Neria Irene
Magana De Iglesias, Petitioners,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 80–5171

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Jan. 7, 1981.

Michael I. Rose, Miami, Fla., for petition-
ers.

James P. Morris, Atty., Benjamin R. Civi-
letti, Atty. Gen., Lawrence Lippe, Gregory
C. Weiss, Attys., U. S. Dept. of Justice,
Washington, D. C., for respondent.

Raymond A. Morris, Dist. Director, Immi-
gration and Naturalization Service, Miami,
Fla., Troy A. Adams, Jr., Dist. Director,
Immigration and Naturalization Service,
New Orleans, La., for other interested par-
ties.

Before HILL, FAY and ANDERSON,
Circuit Judges.

PER CURIAM:

Petitioners are mother (Aguilar) and
daughter (Magana). They entered the
United States as non-immigrant visitors in
1972. After overstaying her visa, Magana
married a United States citizen on April 26,
1973. In June, 1975, Magana gave birth to
a child. Both Aguilar and Magana were
subsequently ordered deported by the judge
of the Immigration Court. Following dis-

missal by the Board of Immigration Appeals of their appeal of the deportation order,[1] petitioners on August 23, 1979, filed a Motion to Reopen, Reconsider and Stay of Deportation with the Immigration and Naturalization Service so that they could file an Application for Suspension of Deportation based on § 244 of the Immigration and Nationality Act, 8 U.S.C. § 1254 (1976).[2] On February 15, 1980, the Board of Immigration Appeals issued an order denying petitioners' Motion. On March 10, 1980, Aguilar and Magana petitioned this court for review on the ground that the Board of Immigration Appeals should not have taken jurisdiction of and decided the Motion. We

deny petitioners' request for relief from the Board's refusal to reopen.

█ Petitioners argue that the Board of Immigration Appeals had no jurisdiction of their Motion to Reopen, Reconsider and Stay of Deportation and that the Motion should have been forwarded to the immigration judge for an evidentiary hearing. Contrary to petitioners' view, however, jurisdiction of their Motion to Reopen properly lay with the Board and not with the immigration judge because the immigration judge's order of deportation had been appealed to the Board and the Board had rendered a decision. 8 C.F.R. § 3.2[3]; 8

1. In their brief to this court, petitioners also argue that the Board of Immigration Appeals erred in its decision affirming the immigration judge's order of deportation. We do not consider this challenge to the order of deportation because it was not timely filed. 8 U.S.C. § 1105a(a)(1) (1976); *Gena v. Immigration and Naturalization Service*, 424 F.2d 227 (5th Cir. 1970).

2. 8 U.S.C. § 1254 (1976) reads, in pertinent part:

(a) As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who applies to the Attorney General for suspension of deportation and—

(1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence; or

(2) is deportable under paragraphs (4), (5), (6), (7), (11), (12), (14), (15), (16), (17), or (18) of section 1251(a) of this title; has been physically present in the United States for a continuous period of not less than ten years immediately following the commission of an act, or the assumption of a status, constituting a ground for deportation, and proves that during all of such period he has been and is a person of good moral character; and is a person whose

deportation would, in the opinion of the Attorney General, result in exceptional and extremely unusual hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

3. 8 C.F.R. § 3.2 (1979) reads:

**§ 3.2 Reopening or reconsideration.**

The Board may on its own motion reopen or reconsider any case in which it has rendered a decision. Reopening or reconsideration of any case in which a decision has been made by the Board, whether requested by the Commissioner or any other duly authorized officer of the Service, or by the party affected by the decision, shall be only upon written motion to the Board. Motions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; nor shall any motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary relief be granted if it appears that the alien's right to apply for such relief was fully explained to him and an opportunity to apply therefor was afforded him at the former hearing unless the relief is sought on the basis of circumstances which have arisen subsequent to the hearing. A motion to reopen or a motion to reconsider shall not be made by or in behalf of a person who is the subject of deportation proceedings subsequent to his departure from the United States. Any departure from the United States of a person who is the subject of deportation proceedings occurring after the making of a motion to reopen or a motion to reconsider shall constitute a withdrawal of such motion. For the purpose of this section, any final decision made by the Commissioner prior to the effective date of the Act with

C.F.R. § 242.22 (1979); *Urbano de Malaluan v. Immigration and Naturalization Service,* 577 F.2d 589, 592–93 (9th Cir. 1978).

■ The only remaining question is whether the Board abused its discretion when it denied the Motion to Reopen. In considering the Motion, the Board's responsibility was to determine, on the basis of the moving papers, affidavits, and other supporting evidence, whether petitioners presented a prima facie case of eligibility for suspension of deportation under 8 U.S.C. § 1254 (1976). *Urbano de Malaluan v. Immigration and Naturalization Service,* 577 F.2d 589, 593 (9th Cir. 1978). "If a prima facie case of eligibility does exist, it would be an abuse of discretion for the Board not to reopen the deportation proceeding to allow a hearing by the immigration judge to determine whether or not eligibility does, in fact, exist; and, if it does, to permit the immigration judge to exercise the discretion provided for in the statute." 577 F.2d at 593.

■ In the instant case, the Board found that petitioners had not made a prima facie showing that their deportation would result in extreme hardship to themselves or to the United States citizen child of Magana. (Record at 3).[4] In its decision, the Board noted that that no evidence was offered that the then four-year-old United States citizen child would suffer any specified hardship if returned to Belize with his mother or that petitioner Magana's United States citizen husband, from whom she was separated, would suffer such hardship. The Board noted further that petitioners' other immediate relatives live in Belize, not in the United States. Finally, the Board stated that "[t]he possibility of some economic loss to the ... [petitioners], if deported, is insufficient considering the other circumstances of this case to warrant a finding that a prima facie showing of extreme hardship has been made." (Record at 4).

We agree with the Board that petitioners have not made the necessary prima facie showing to become entitled to a hearing by the immigration judge. We hold that the Board did not abuse its discretion in finding that petitioners did not make a prima facie showing that deportation would result in extreme hardship to themselves or to their United States citizen relatives. The fact that one petitioner has a United States citizen child (who is the grandchild of the other petitioner) alone does not establish a prima facie case for suspension of deportation. The argument that deportation of the parent would amount to de facto deportation of the child and thus violate the constitutional rights of the child has been rejected. *Gonzalez-Cuevas v. Immigration and Naturalization Service,* 515 F.2d 1222 (5th Cir. 1975); *accord Urbano de Malaluan v. Immigration and Naturalization Service,* 577 F.2d 589 (9th Cir. 1978).

We believe this case is controlled by the *Gonzalez-Cuevas* case, *supra.* Accordingly, the motion of the petitioners for reversal of the order of the Board of Immigration Appeals denying their Motion to Reopen is

DENIED.

---

respect to any case within the classes of cases enumerated in § 3.1(b)(1), (2), (3), (4), or (5) shall be regarded as a decision of the Board.

**4.** A showing of extreme hardship is one of the prerequisites for eligibility for suspension of deportation under 8 U.S.C. § 1254(a)(1) (1976). These prerequisites are set out in note 1, *supra.*