**Decided December 1, 1986**

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

| | | |
|---|---|---|
| THE OFFICE OF THE ATTORNEY GENERAL and IMMIGRATION and NATURALIZATION OFFICE OF THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, | ) ) ) ) ) | D.C.A. NO. 85-9020<br>C.T.C. NOS. 85-239 & 85-359<br><br>OPINION. |
| Petitioners-Appellees, | ) ) ) | |
| vs. | ) ) | |
| ELSA B. LIGAYA and LEONIDA L. CARREON, | ) ) ) | |
| Respondants-Appellants. | ) ) ) | |

FILED
Clerk
District Court

DEC 0 1 1986

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Attorney for Appellants:   Reynaldo O. Yana, Esq.
Susupe Village
P.O. Box 52
Saipan, CM 96950

Attorney for Appellees:   Office of the Attorney General
Immigration and Naturalization Office

BEFORE: LAURETA, DUENAS AND MARSHALL*, DISTRICT JUDGES

MARSHALL: DISTRICT JUDGE:

* The Honorable Consuelo B. Marshall, United States District judge of the Central District of California sitting by designation.

927

Defendant-appellants Leonida L. Carreon and Elsa B. Ligaya appeal from the Commonwealth trial court's deportation order of August 19, 1985. The appellants raise issues on appeal which center upon the rights of their children who were allegedly born on the Northern Mariana Islands.

STATEMENT OF FACTS AND PROCEEDINGS BELOW

Appellants Elsa B. Ligaya and Leonida L. Carreon are Philippine citizens whose entry permits into the Commonwealth of the Northern Mariana Islands ("CNMI") as non-resident workers expired on February 3, 1984 and July 18, 1985, respectively. As such, appelants admit that they are subject to deportation but assert that they should be allowed to remain until the termination of the Trusteeship to protect the rights of their purported children who were born in the CNMI.

An order to show cause for deportation was issued, and a hearing was held before the Honorable Jose S. Dela Cruz on August 7, 1985. Due to the similarity of defenses, appellants' cases were joined. On August 19, 1985, the trial court entered an order deporting appellants on the ground that their children's citizenship was not a relevant issue in their deportation. The trial court further held that even if it were relevant, the children were neither citizens of the Northern Mariana Islands nor the of the Trust Territory.

DISCUSSION

Initially, the court notes that appellants presented no evidence before the trial court which would establish that either appellant actually gave birth to children in the CNMI. Appellants assert that the parties stipulated to the birth of the children; however, there is no evidence in the record of such stipulation. Although counsel for appellants made reference to the existence of children during the hearing on the order to show cause, statements made

928

by attorneys does not constitute adequate evidence. See People v. Stuart, 168 Cal. App. 2d 57 (1959). The trial court makes no findings regarding the existence of children, but instead refers to these purported children as "respondents' children who allegedly were born in the Northern Mariana Islands." Therefore, under these facts, the question of the rights of children born to non-resident mothers is not properly before this court.

Even assuming that appellants gave birth to live children in the CNMI, the primary issue before this court is whether the trial court properly issued its order requiring appellants to depart the Commonwealth within seven days from the issuance of the order. Although appellants couch the issue in terms of the rights of these children to citizenship which allegedly are effected by the deportation of their mothers, the trial court aptly noted that the citizenship of the children is not relevant to the question of deportation of the appellants.

Appellants cite no authority for the proposition that the mere fact that a person gives birth to a child in the CNMI entitles an out of status parent to remain indefinitely in the CNMI in order to prevent a de facto deportation of the child. To the contrary, cases which have addressed the issue of whether the deportation of a parent who is out of status would lead to the violation of due process and/or equal protection rights of the children has been repeatedly rejected. See Rubio de Cachu v. Immigration & Naturalization Service, 568 F.2d 625 (9th Cir. 1977); Acosta v. Gaffney, 558 F.2d 1153 (3d Cir. 1977); Gonzalez-Cuevas v. Immigration & Naturalization Service, 515 F.2d 1222 (5th Cir. 1975); Lopez v. Franklin, 427 F.Supp. 345 (E.D.Mich. 1977). These cases discuss due process rights of minors who are citizens of the United States by virtue of their birth in the United States whereas in the

case at bench, the very issue of citizenship of these alleged children is open to debate.[1]

A departure of the alleged children of the appellants would not be a "de facto" deportation of the children, but merely the exercise of choice by the parents to have the children depart with them. As stated by the court in Lopez, "[c]ertainly the prospect of leaving an infant citizen-child [behind] ... is not a pleasant one, but the alien parents who deliberately overstayed their legal visitation period ... must bear the responsibility for creating such a choice." Lopez v. Franklin, 427 F.Supp. at 349.

## CONCLUSION

The trial court's deportation order is hereby affirmed. No evidence was presented in the court below which supports the appellants' contention that they gave birth to children in the CNMI. Even assuming that children were born, the status of the children is not relevant to deportability of the parents. Moreover, the birth of the children in CNMI should not confer an out-of-status parent the right to remain in the CNMI with a favored status over those aliens who do not bear children in the CNMI. Deportation of the parent is not a "de facto" deportation of the children since there are other options available to the parent.

---

[1] The court declines to address the issue of whether the children born to non-immigrant aliens in the CNMI are Trust Territory Citizens, Northern Mariana Islands citizens or interim United States Citizens under the CNMI Constitution, Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, or the Commonwealth Code since the children's status is not relevant to deportability of the appellants. This issue remains to be addressed under circumstances where the facts and issues are more suited procedurally and substantively to a determination of this question.

_____
JUDGE CONSUELO B. MARSHALL

_____
JUDGE ALFRED LAURETA

_____
JUDGE CRISTOBAL C. DUENAS

931